UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE


UNITED STATES OF AMERICA      )
           )
V.                     )     No. 2:09-CR-45
           )
SUNNAH MADDOX, *ET AL.*     )


## REPORT AND RECOMMENDATION
### *REGARDING DEFENDANT'S MOTION TO SUPPRESS PHONE CONVERSATIONS (DOC. 481)*

The defendant Keith Ruffin had a telephone conversation with one of his co-defendants, Sunnah Maddox, which was recorded. Some of the statements he made during that phone conversation were incriminating, and defendant seeks to have them suppressed. This motion has been referred to the magistrate judge pursuant to the standing order of this Court and 28 U.S.C. § 636. A hearing was held on October 27, 2010.

Sunnah Maddox is one of the original defendants in this case, and he was ordered detained pending his trial.[1] He was housed in the Washington County Detention Center in Jonesborough, Tennessee.

The Washington County Detention Center allows prisoners to make phone calls, but any prisoner making such a phone call is explicitly warned by a recording that his phone call is subject to monitoring and recording. For that matter, the recipient of a phone call from a prisoner at the Washington County Detention Center also is forewarned that the phone call

---

[1]Mr. Ruffin was indicted later in a superseding indictment.

may be monitored and recorded.

Notwithstanding this warning, Mr. Maddox made a number of phone calls from the detention center to his girlfriend, Ms. Connie Cotten in Utica, New York. On one occasion, Mr. Maddox placed a phone call to Ms. Cotten, and then asked Ms. Cotten to "conference in" another co-defendant, Mr. Ronnie Cooper, and thereafter Mr. Maddox and Mr. Cooper conversed directly between themselves.

On another occasion, Mr. Maddox placed a phone call from the detention facility to Ms. Cotten and, during that conversation, Ms. Cotten's phone indicated that she was receiving a phone call from defendant herein, Ruffin. Apparently she conversed privately with defendant for a time. Whether she terminated that call from the defendant Ruffin and then resumed her conversation with Maddox, or whether she merely placed defendant on hold and then resumed her conversation with Maddox, is irrelevant. In either event, she told Mr. Maddox that she had received a call from defendant. Maddox then instructed Ms. Cotten to connect or join defendant in the call. That accomplished, Mr. Maddox and Mr. Ruffin talked between themselves directly. Ms. Cotten's phone of course remained active; it was the means by which Maddox and Ruffin were able to talk. Of course, Mr. Maddox's conversation was being monitored and recorded by the Washington County Detention Center, as Maddox was well aware, as a result of which the defendant's Ruffin's end of the conversation likewise was recorded.

Mr. Ruffin argues that since he was not *originally* called by Mr. Maddox, but rather was connected to a preexisting call between Maddox and Cotten, he was unaware of the

recorded warning from the detention center that conversations would be monitored and recorded, and therefore he had a legitimate expectation of privacy which he could neither have actually nor constructively waived.

A person cannot have a *reasonable* expectation of privacy when he knows – as did defendant herein – that he is conversing through the telephone of a third person intermediary. Had Ms. Cotten been a confidential informant, or even a government undercover agent, she could have recorded Maddox and Ruffin's phone conversation and Mr. Ruffin could have had no complaint. *See, e.g., Stephan v. United States*, 496 F.2d 527 (6th Cir. 1974).

Further, assume for the moment that Mr. Maddox had elected to cooperate with law enforcement and agreed to initiate a phone call to Mr. Ruffin which was to be recorded. Mr. Maddox certainly would have the right to consent to have the phone conversation recorded, and the other party to any phone call he placed would not be entitled to any warning or notification that his caller – Maddox – had consented that his phone call be monitored and recorded. *Stephan, supra*. Here, Maddox placed a phone call to Mr. Ruffin, albeit through Ms. Cotten, which he *knew* would be monitored and recorded. The question must be asked, what is the difference? There is none.

But to repeat, Mr. Ruffin had no reasonable expectation of privacy in the first place, since he knew that another person, Ms. Cotten, was a party to the conversation and listening to every word said between him and Maddox.

It is respectfully recommended that defendant's motion to suppress be denied.[2]

Respectfully submitted,


     s/ Dennis H. Inman
United States Magistrate Judge

---

[2]Any objections to this report and recommendation must be filed By November 5, 2010, of its service or further appeal will be waived.  28 U.S.C. 636(b)(1).

4