UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| V. | ) | No. 2:09-CR-45 |
| | ) | |
| SUNNAH MADDOX, *ET AL.* | ) | |

**REPORT AND RECOMMENDATION**
*REGARDING DEFENDANT'S MOTION TO SUPPRESS STATEMENTS MADE BY DEFENDANT (DOC. 479)*

After defendant Ruffin was indicted in a Superseding Indictment, a warrant for his arrest was delivered to Agent Brian Vicchio of the DEA Task Force. On July 13, 2010, Agent Vicchio and other officers observed defendant driving his vehicle in Johnson City, Tennessee. At Agent Vicchio's instruction, another police officer compelled defendant to stop his vehicle and defendant was promptly arrested and placed in the back of Vicchio's car. Agent Vicchio then stood beside the car door and began talking to defendant. As he was required to do, Vicchio undertook to "Mirandize"[1] defendant at the outset. In their ensuing conversation, defendant made incriminating statements. He also consented to a search of his car.[2]

Defendant argues that Vicchio's purported *Miranda* warning was deficient in one particular. The court watched and listened to that portion of the recording of the vehicle stop

---

[1] *Miranda v. Arizona*, 384 U.S. 436 (1966).

[2] There was nothing incriminating found in the car, so that is effectively a non-issue.

which contained Vicchio's *Miranda* warning to defendant, and here follows the pertinent portion of that narrative:

> Vicchio: You have the right to remain silent. Anything you say can and will be used against you in a court of law. Okay?
>
> Ruffin: Yeah.
>
> Vicchio: You have the right to an attorney. If you can't afford one, one'll (sic) be appointed to you. You understand that?
>
> Ruffin: Yes.

Ruffin argues that Vicchio failed to warn or advise him that he had a right to consult with a lawyer before being questioned and to have that lawyer present with him during any questioning. Obviously, Vicchio's *Miranda* warning to defendant did not contain any language that remotely suggested to defendant that he had a right to hire a lawyer, or to have a lawyer appointed for him, *before undergoing any questioning, or that he had a right to that lawyer during the questioning itself*. Does that omission constitute a fatal flaw as far as *Miranda* is concerned? It does.

> [W]e hold that an individual held for interrogation must be clearly informed that he has the right to consult with a lawyer *and* to have the lawyer with him during interrogation under the system for protecting the privilege we delineate today. As with the warnings of the right to remain silent and that anything stated can be used in evidence against him, *this warning is an absolute prerequisite to interrogation*.

384 U.S. at 471 (Italics supplied).

The Sixth Circuit Court of Appeals, although noting that no "magic words" are required by *Miranda*, pointed out there nevertheless is a requirement that all "elements" of

2

*Miranda* be communicated to the arrestee. One of those "elements" is that statements made by the arrestee may be used against him. Another element is that the arrestee has the right to an attorney before, during, and after questioning. *United States v. Tillman,* 963 F.2d 137, 141 (6th Cir. 1992).

Vicchio's omission to tell defendant that he had a right to an attorney before, during, and after questioning was a critical omission of constitutional dimensions under *Miranda*. The fact that the defendant Ruffin is an "experienced criminal" and likely as cognizant of his constitutional rights as any police officer, is irrelevant: "No amount of circumstantial evidence that the person may have been aware of this right [to have a lawyer with him before and during questioning] will suffice to stand in its stead." *Miranda*, 384 U.S. at 471-2. Accordingly, any statements made by defendant to any law enforcement officer during the course of his roadside arrest should be suppressed.

The story, however, does not end there. Defendant was transported to the office of the Drug Enforcement Administration in Johnson City, where he had a lengthy conversation with Agent Vicchio, most of which was incriminating. Vicchio testified during the suppression hearing that he "re-mirandized" defendant before this subsequent interrogation/conversation took place, and on this occasion he specifically told defendant that he had the right to consult with a lawyer before he answered any questions.

Agent Kevin Kimbrough, another Task Force Officer, was present during the time Vicchio claims to have re-mirandized Mr. Ruffin. Unfortunately, Agent Kimbrough was occupied with typing booking information into a computer, and he was not paying close

attention to the conversation between Vicchio and defendant Ruffin. Basically, the extent of Kimbrough's testimony was that he knew that Vicchio gave a *Miranda* warning to defendant; however, he could not provide the specifics of that warning.

The burden is upon the prosecution to prove that the defendant voluntarily and knowingly waived his right to remain silent. *Magilo v. Jago*, 580 F.2d 202, 205 (6th Cir., 1978). The Supreme Court in *Miranda* stated that a "*heavy* burden" rests upon the prosecution to prove a valid waiver. *Miranda*, 384 U.S. at 475. But what does that mean ?

In *Colorado v. Connelly*, 479 U.S. 157 (1986), the Supreme Court stated that it had "never held that the 'clear and convincing' standard is the appropriate one" when considering the question of a waiver *vel non*, 479 U.S. at 167-8. Rather, the burden is open the prosecution is only to "prove waiver by a preponderance of the evidence." *Id.*, at 168.

This Court has read a sizeable number of opinions where the appellate court referred to *Miranda's* "heavy burden.". These cases seem to indicate that "heavy burden" describes the *quality* or nature of the evidence; in other words, a waiver cannot be inferred from ambiguous statements of the arrestee, or mere nods of the head, or from the arrestee's silence. *See*, e.g., *Thompkins v. Berghuis*, 547 F. 3d 572, 586 (6th Cir. 2008). There must be affirmative, unequivocal evidence of the arrestee's waiver of his right to remain silent. That evidence, however, need only preponderate to prove the waiver, *Colorado v. Connelly, supra*.

Vicchio unequivocally testified that he specifically told defendant at the DEA Office that he had a right to have an attorney before he answered any questions. Indeed, Vicchio

testified that he even told defendant that, if he wanted a lawyer, they would postpone their interview until the next morning when a lawyer could be available. This testimony is uncontradicted. It is noted that defendant could have taken the stand to refute this testimony without compromising his right against self-incrimination, *Simmons v. United States*, 390 U.S. 377 (1968), but he chose not to do so. Based upon the preponderance of the evidence, which is enough, the court finds that Agent Vicchio, during his administration of the *Miranda* warnings at the DEA Office, included the portion regarding the right to an appointed lawyer before, during, and after questioning.

Defendant also argues that he was intoxicated on cocaine at the time of his arrest and thereafter, and therefore he could not have made a knowing and intelligent waiver of his right to remain silent. The only evidence he presented in this regard was the video recording made at the time of his arrest, and his statement to Vicchio, "I'm telling you man, I'm f**** up, man." Defendant's counsel argues that this statement was intended to convey that he was intoxicated on drugs. Vicchio, however, testified that it was clear to him when the statement was made that defendant was referring to his legal problems, not his mental condition. The court agrees with Agent Vicchio. Moreover, there is absolutely no evidence before this court to suggest that the defendant abused cocaine or any other drug at any particular time before his arrest, much less intoxicated on some drug. Again, it is noted that he could have testified in this regard, but chose not to do so. *Simmons, supra*.

Defendant's waiver, after being fully mirandized, was knowing and voluntary. *Maryland v. Shatzer*, 130 S. Ct. 1213, 1219 (2010).

5

In conclusion, it is respectfully recommended that this court suppress any statements made by defendant immediately after his arrest and before his arrival at the DEA Office. It is further recommended that defendant's motion to suppress any statements made by him as a result of his interrogation at the DEA Office be denied.[3]

Respectfully submitted,

s/ Dennis H. Inman
United States Magistrate Judge

Criminal R&R\Maddox, Sunnah(Ruffin)2-45

---

[3] Any objections to this report and recommendation must be filed by November 5, 2010, of its service, or further appeal will be waived. 28 U.S.C. 636(b)(1).