IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF TENNESSEE
GREENEVILLE DIVISION


| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 2:09-CR-045 |
| | ) | |
| KEITH PARIS RUFFIN | ) | |

## <u>MEMORANDUM AND ORDER</u>

This criminal case is before the court on the October 27, 2010 report and
recommendation of Chief United States Magistrate Judge Dennis H. Inman [doc. 512].
Magistrate Judge Inman recommends that the defendant's second motion to suppress [doc.
481] be denied.  Also before the court is Magistrate Judge Inman's October 28, 2010 report
and recommendation [doc. 513] recommending that the defendant's first motion to suppress
[doc. 479] be granted in part and denied in part.  The defendant has objected [docs. 522, 523]
to each report and recommendation.  The government has filed no objection.[1]

The magistrate judge conducted an evidentiary hearing on October 27, 2010.
Agents Brian Vicchio and Kevin Kimbrough testified.  Introduced into evidence were the
video of the traffic stop at issue, a sample *Miranda* form, and a transcript of the three-way
telephone conversation at issue.  No transcript of the hearing has been filed.


As required by 28 U.S.C. § 636(b), the undersigned has undertaken a *de novo*

---

[1]  The deadline for filing objections was moved up to November 5, 2010, in light of the
rapidly approaching November 29, 2010 trial date.  Doc. 512, p.4 n.2; Doc. 513, p.6 n.3; Fed. R.
Crim. P. 59(b)(2).

review of the objected-to portions of the reports and recommendations. For the reasons that follow, the objections will be overruled.

I.

*Background*

Codefendant Sunnah Maddox is detained pending trial. Maddox has been housed at the Washington County Detention Center in Jonesborough, Tennessee. He has placed phone calls from the detention center to his girlfriend, Connie Cotten, in New York. On one occasion, Maddox instructed Cotten to join the defendant in a three-way conversation. Cotten remained on the phone while Maddox and the defendant talked.

After being indicted in a Third Superseding Indictment, the defendant was arrested on July 13, 2010. Agent Vicchio and other officers observed the defendant driving in Johnson City, Tennessee. The officers stopped the defendant's vehicle. He was arrested and placed in the back of Agent Vicchio's car. Agent Vicchio *Mirandized* the defendant at that time.

The defendant was subsequently taken to the office of the Drug Enforcement Administration ("DEA") in Johnson City. Agent Vicchio testified that he again *Mirandized* the defendant prior to interrogation at the DEA office.

By his first motion to suppress [doc. 479], the defendant argues that Agent Vicchio's *Miranda* warning was insufficient in that it was not specified that he had the right to counsel prior to and during questioning. The defendant further contends that he "made it clear to" Agent Vicchio that he was intoxicated on cocaine. The defendant argues that his

intoxication, paired with alleged coercive conduct by the arresting officers, invalidates the waiver of his *Miranda* rights. Magistrate Judge Inman recommends that statements made by the defendant between the time of his arrest and the commencement of interrogation at the DEA office be suppressed due to the insufficiency of the initial *Miranda* warning.[2] The magistrate recommends that the defendant's motion be denied in all other respects.

By his second motion to suppress [Tr. 481], the defendant argues that he had a legitimate expectation of privacy in the three-way phone conversation because he was not a party to the call at its inception and thus did not hear the detention center's recorded message warning that all calls are subject to monitoring. Because the defendant did not waive his alleged privacy right, he seeks suppression of the recording of the call. Magistrate Judge Inman recommends that the motion be denied.

## II.

### *Analysis*

*De novo* review by the district court of a magistrate judge's report and recommendation is both statutorily and constitutionally required. *See United States v. Shami*, 754 F.2d 670, 672 (6th Cir. 1985). However, it is necessary only to review "those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b). The district court need not provide *de novo* review where objections to a report and recommendation are frivolous, conclusive, or general. *See Mira v. Marshall*,

---

[2] As noted, the government has filed no objection to that recommendation.

806 F.2d 636, 637 (6th Cir. 1986).

A. *Mirandization*

Upon review of the recording of the traffic stop, the magistrate judge found Agent Vicchio's initial *Miranda* warning deficient in that the defendant was not clearly advised of his right to have counsel prior to and during interrogation. *See Miranda v. Ariz.*, 384 U.S. 436, 471 (1966). However, as to the second *Miranda* warning at the DEA office, the magistrate judge observed, "Vicchio testified during the suppression hearing that he 're-mirandized' defendant before this subsequent interrogation/conversation took place, and on this occasion he specifically told defendant that he had the right to consult with a lawyer before he answered any questions." The magistrate found Agent Vicchio's uncontroverted testimony to be credible and concluded that the *Miranda* warnings given at the DEA office were sufficient.

In his objection [doc. 523], the defendant merely incorporates by reference his initial motion and supporting memorandum. Nowhere within those filings does the defendant offer any argumentation or evidence regarding the second *Miranda* warning. The defendant has offered no reason why the undersigned should reject the magistrate's credibility determination. The court will accordingly adopt the magistrate's recommendation on this point.

B. Knowing and Voluntary Waiver

The magistrate found no persuasive evidence that the defendant was intoxicated on cocaine or that the arresting officers engaged in impermissibly coercive

4

conduct. The court has reviewed the videotape of the defendant's arrest and notes, as did the magistrate, the defendant's reliance on his statement to Officer Vicchio, "I'm telling you man, I'm f***** up, man." For the reasons articulated by the magistrate, the court agrees that this single statement is not persuasive evidence of intoxication. In addition, the court's review of the arrest video indicates no coercive police activity. *See Colo. v. Connelly*, 479 U.S. 157, 167 (1986) ("coercive police activity is a necessary predicate to the finding that a confession is not 'voluntary'"). The court agrees with the magistrate judge's conclusion that the defendant's waiver of his *Miranda* rights (at the DEA office) was knowing, intelligent, and voluntary.

## C. Phone Call

Lastly, the court agrees with the magistrate judge's conclusion that the defendant had no reasonable expectation of privacy in the three-way phone call placed by Mr. Maddox from the detention center. The call is admissible because authorities were lawfully listening to the conversation. *See Stephan v. United States*, 496 F.2d 527, 528 (6th Cir. 1974). In addition, the defendant knew that a third-party (Ms. Cotten) was listening as he and Maddox talked. Further, either Maddox or Cotten could have lawfully recorded the conversation had they been working as confidential informants. The defendant had no reasonable expectation of privacy.

## III.

### *Conclusion*

For the reasons provided herein, the court **ADOPTS** the findings of fact and

conclusions of law set out in Magistrate Judge Inman's reports and recommendations [docs. 512, 513]. It is **ORDERED** that the defendant's first motion to suppress [doc. 479] is **GRANTED IN PART**. Any statements made by the defendant immediately after his arrest and before his arrival at the DEA office are suppressed. The defendant's first motion to suppress [doc. 479] is **IN ALL OTHER RESPECTS DENIED.** It is further **ORDERED** that the defendant's second motion to suppress [doc. 481] is **DENIED IN FULL.** The defendant's objections [docs. 522, 523] are **OVERRULED**.

**IT IS SO ORDERED.**

ENTER:

               s/ Leon Jordan
            United States District Judge